```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

RUSSELL WAYNE MURRAY,           §
(TDCJ No. 1301366)              §
VS.                             §    CIVIL ACTION NO.4:09-CV-605-Y
                                §
                                §
JOHN MIDDLETON UNIT, et al.     §
```

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. § 1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), AND, ORDER TO TRANSFER REMAINING CLAIMS

This case is before the Court for review of pro-se inmate and plaintiff Russell Wayne Murray's complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Murray asserts claims arising from medical care he received and the alleged inaccurate diagnosis of medical conditions and illnesses while he was housed at three different correctional institutions of the Texas Department of Criminal Justice ("TDCJ-CID"). (Compl.; § V.) Murray alleges that although he does not want a lawsuit, he wants "compensation for claims," and he seeks " a settlement of 7 million 7 hundred thousand sixty dollars." (Compl.; § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that some of Murray's claims must be dismissed, and the remainder should be transferred.

The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit.[6] In Texas, the applicable limitations period is two years.[7] A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged

---

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983).

[7] *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon Supp. 2009) (Texas's two-year, personal-injury limitations statute).

claims are barred by the applicable statute of limitations.[8]

Accrual of a claim under § 1983 is determined by federal law,[9] under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action.[10] Plaintiff recites that "in 2000 Middleton Unit infirmary staff gave me medicine for reasons other than I was diagnosed for HIV and Hep C [sic];" and "in 2005 Goree Unit infirmary staff gave me medicine for reasons other than what illnesses I had such as HIV and Hep C also some Psych medications that was misdiagnosed [sic]." (Compl.; § V.) Upon review of the allegations in this complaint, the Court sees no basis to believe that Murray did not know or have reason to know of the events giving rise to his claims at the time they were occurring. As Murray did not file the claims made the basis of this suit until October 2009, his claims recited in Court are much too late: the applicable two-year statute of limitations already had expired long prior to the time Murray filed suit. As all claims for relief against infirmary staff at the Middleton and Goree units are barred by the applicable statute of limitations,[11] they must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and

---

[8] *See Harris v. Hegman,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore,* 30 F.3d at 620 (citing *Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993)).

[9] *See Harris,* 198 F.3d at 157; *see also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

[10] *See Harris,* 198 F.3d at 157 (*citing Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and Burrell, 883 F.2d at 418).

[11] Murray also lists claims against the infirmary staff at the Powledge unit from 2006. Although such claims may also be barred by the statute of limitations, to the extent such allegations may relate to Murray's claims against the Powledge unit infirmary staff that are timely, the Court has not reached that issue.

(ii).

Plaintiff Murray is presently incarcerated in the Michael Unit of TDCJ-CID. Under 28 U.S.C. § 1406(a), if a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[12] The remaining defendants in this case are listed as unnamed infirmary staff at the Powledge Unit. Murray also recites allegations about instances of medical care while at a cancer center in Huntsville, Texas. The Powledge Unit is located in Palestine, Texas, which lies in Anderson County, Texas, in the Tyler division of the Eastern District of Texas.[13] The Michael Unit, where Murray is now housed, is in Tennessee Colony, Texas, also in the Tyler division of the Eastern District. Although Huntsville, Texas, is located within the United States District Court for the Southern District of Texas, because the bulk of Murray's remaining claims arise from incidents that occurred in the Eastern District of Texas, and since Murray is housed in that district, this Court concludes that in the interest of justice, the remaining claims should be transferred to the Eastern District of Texas, Tyler division.

Therefore, all of Plaintiff's claims asserted against infirmary staff at the Middleton or Goree units of the Texas Department of Criminal Justice, Correctional Institutions Division, are DISMISSED

---

[12] 28 U.S.C.A. § 1406(a)(West 2006).

[13] *See* 28 U.S.C.A. § 124(c)(1)(West 2006).

4

WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

Furthermore, all remaining claims are TRANSFERRED to the United States District Court for the Eastern District of Texas, Tyler Division.

SIGNED February 26, 2010.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE